UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                                                    CASE NO.: 18-17016-BKC-LMI
                                                                                          PROCEEDING UNDER CHAPTER 13
DIEGO GATTO

DEBTOR                                             /

**TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO TIMELY PROVIDE THE TRUSTEE WITH DEBTOR'S FEDERAL TAX RETURN AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING**

**COMES NOW**, Nancy K. Neidich, Standing Chapter 13 Trustee, by and through her undersigned counsel, and files the instant Motion to Dismiss the Debtor(s) Petition for the following reasons:

1. The §341 Meeting of Creditors was scheduled for 8/9/2018 11:30:00AM

2. The Trustee mailed a request for documents to the Debtor and Debtor's attorney, which requested in part, the Debtor provide to the Trustee a copy of their Federal income tax returns no later than seven (7) days before the 341 Meeting of Creditors. 11 U.S.C. § 521(e)(3). See Trustee's Certificate of Service of Trustee's Notice of Required Documents

3. The Trustee filed (and if the debtor is pro se served by mail) a notice of deficiency of the missing documents

4. As of the end of business 8/2/2018, the Trustee has not received the Debtor's complete 2017 Federal income tax returns.

5. Pursuant to 11 U.S.C. §1308(a) the Debtor(s) must file:

   [N]ot later than the day before the date on which the meeting of the creditors is first scheduled to be held . . . the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

6. The Debtor are also required to provide the Trustee:

   [N]ot later than 7 days before the date first set for the first meeting of creditors, . . . a copy of the Federal income tax return required under applicable law . . . for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed. 11 U.S.C. §521(e)(2)(A)(i).

7. Furthermore, if the Debtor are not required under applicable law to file Federal income tax returns, Fed. R. Bankr. P. 4002(b)(3) mandates that "[a]t least 7 days before the first date set for the meeting of creditors . . . the [Debtor] shall provide to the [T]rustee . . . a written statement that the documentation does not exist." Id.

8. The Debtor, by not providing the Trustee with either a copy of their Federal income tax return or a written statement that the documentation does not exist have failed to comply with 11 U.S.C. §521(e)(2)(A)(I) and Fed. R. Bankr. P. 4002(b)(3). Accordingly, dismissal of this case is warranted unless the Debtor(s) demonstrates that the failure to comply was due to circumstances beyond their control. 11 U.S.C. §521(e)(2)(B).

9. The Trustee's Office has reviewed this case as well as all possible exceptions to the required documentation but cannot determine if the case is confirmable. 11 U.S.C. § 1325(a)(9). In addition, the Trustee has reviewed this case prior to Meeting of Creditors and will be reviewing the case again prior to the Confirmation Hearing.

**WHEREFORE**, the Trustee requests that this case be dismissed with prejudice for 180 days and for any other such relief as may be deemed necessary by the court.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing and the notice of hearing generated by ECF were served __AUGUST 3, 2018__ upon

By Mail:
DEBTOR
DIEGO GATTO
11607 SW 90TH TERRACE
MIAMI, FL  33176

Via Electronic Service:
STEVEN R. SERRA, ESQUIRE

NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027-9806

By: /s/ _____

☐ Adisley Cortez-Rodriguez, Esq.
FLORIDA BAR NO: 0091727

☒ Amy Carrington, Esq.
FLORIDA BAR NO: 101877

☐ Jose Ignacio Miceli, Esq.
FLORIDA BAR NO: 0077539

☐ Nancy K. Neidich, Esq.
FLORIDA BAR NO: 441856